IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

WILLIAM ZIELINSKI,

        Plaintiff,        Civil No. 10-449-AA

        v.        ORDER

DR. DIEL, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff has moved for a "temporary restraining order." Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See, New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977); Los Angles Unified Sch. Dist. v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981).

    The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in United States v. Odessa Union Warehouse, 833 F.2d 172, 174 (9th Cir. 1987):

1 - ORDER

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. <u>Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 314-15 (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Oakland Tribune Inc. v. Chronicle Publishing Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

Moreover, "[t]he purpose of a preliminary injunction is

2 - ORDER

merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claims and is therefor inappropriate.

Plaintiff's Motion for Temporary Restraining Order (#110) is denied.

IT IS SO ORDERED

DATED this 28 day of June, 2011.

_____
Ann Aiken
United State District Judge