FILED'11 JUL 7 18:13USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

WILLIAM J. ZIELINSKI,

                Plaintiff,          Civil No. 10-449-CL


                v.                  REPORT AND
                                    RECOMMENDATION
DR.DEIHL, et al.,

                Defendants.


CLARKE, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon Department
of Corrections filed a complaint under 42 U.S.C. §1983 alleging
violations of his rights under the First and Eighth Amendments and
under the Americans With Disabilities Act and the Rehabilitation
Act.

     Defendants now move for summary judgment on the grounds that
plaintiff's claims are barred by issue preclusion, or by failure to

1 - REPORT AND RECOMMENDATION

exhaust administrative remedies, or by failure to state a claim upon which relief can be granted.  Motion for Summary Judgment (#78).

Plaintiff's pro se Amended Complaint alleges nine (9) claims as follows:

1.) Deliberate indifference to his serious medical needs, in violation of the Eighth Amendment by "forcing" him to undergo neck surgery.

2.) Deliberate indifference to a serious medical condition, in violation of the Eighth Amendment by failing to provide him adequate pain medication.

3.)  Deliberate indifference to a serious medical condition, in violation of the Eighth Amendment by failing to provide adequate medical treatment for his shoulder.

4.) Deliberate indifference to a serious medical condition, in violation of the Eighth Amendment by failing to provide adequate medical treatment for his carpel tunnel syndrome.

5.) Deliberate indifference to a a serious medical condition in violation of the Eighth Amendment by failing to provide adequate medical treatment for his back pain.

6.)  Deliberate indifference to a serious medical condition, in violation of the Eighth Amendment by failing to provide adequate treatment for neck pain.

7.) Retaliation by staff for exercising his First Amendment

2 - REPORT AND RECOMMENDATION

rights.

8.) Deliberate indifference to a serious medical condition, in violation of the Eighth Amendment by failing to provide adequate eye care; and

9.) Violations of the Americans with Disabilities Act. Amended Complaint (#69) p. 30-38.

On April 20, 2009, plaintiff filed a "Replication" in a Civil Habeas Corpus proceeding in the Circuit Court of the State of Oregon for the County of Umatilla. Exhibits to Motion For Summary Judgment (#106), Exhibits 1.

Plaintiff's "Replication" alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment based upon alleged indifference to his neck problems, pain, shoulder problems, wrist problems, back problems, and eye problems. Id., Exhibit 2. On September 24, 2009, Judge James Hargreaves held a hearing on defendants motion to dismiss, after which he granted defendants' motion as to all claims except the claim regarding eye-wear. Id. Exhibit 3. After a hearing on January 28, 2010, Judge Joseph F. Ceniceros found in favor of the defendant on the remaining (eye-wear) claim and denied plaintiff's petition. Id., Exhibit 4.[1] Plaintiff did not appeal.

Subsequently, plaintiff filed several grievances and a tort

---

[1]The issue of eye *surgery* was not before the court. *See*, Exhibits to Motion for Summary Judgment (#106) exhibit 4, p. 21.

3 - REPORT AND RECOMMENDATION

claim notice based on the same allegations that formed the basis of his state habeas corpus action. See, Declaration of Parklyn Main (#80) - and exhibits thereto.

Under the doctrine of issue preclusion (also know as collateral estoppel), "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause between the parties" and their privies. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 467 n. (1982); see also, Allen v. McCurry, 449 U.S. 90, 94 (1980).

The state's law regarding issue preclusion determines the preclusive effect of a state court action on a subsequent federal court action. See, Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir. 1998). Under Oregon law, issue preclusion applies when five requirements are met:

1.) The issue in the two proceedings is identical.

2.) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

3.) The party sought to be precluded had a full and fair opportunity to be heard on the issue.

4.) The party sought to be precluded was a party to the prior proceeding (or was in privity with a party).

5.) The prior proceeding was the type of proceeding to which the court will give preclusive effect.

Nelson v. Emerald People's Utility Dist., 318 Or. 99, 104, 862 P.3d

4 - REPORT AND RECOMMENDATION

1293, 1296-97 (1993).

In this case, all of the requisite elements for issue preclusion are satisfied by plaintiff's state court case for habeas corpus relief.

The medical issues forming the basis of plaintiff's first through sixth and eye-wear aspect of plaintiff's eighth claim are substantially identical to the claims alleged in plaintiff's state habeas proceeding. See Exhibits to Summary Judgment (#106) Exhibit 2 ("Replication"). These issues were actually litigated in a hearing on the defendants' motion to dismiss and the subsequent hearing regarding plaintiff's eye-wear claim. Id., Exhibits 3 and 4. The issues were decided adversely to plaintiff in a decision on the merits.

Plaintiff was represented by counsel at both hearings and presented evidence and witnesses. It cannot be seriously disputed that he had a full and fair opportunity to be heard on his constitutional claims. Plaintiff was a party to the prior proceeding and the defendants were either parties or in privity to the defendant in the state court action.

Lastly, the prior proceeding was the type of proceeding to which the court will give preclusive effect. See, Silverton v. Dept. of Treasure, 644 F.2d 1341 (9th Cir. 1981) (holding that a judgment in a state habeas corpus proceeding precludes an identical issue from being re-litigated in a subsequent § 1983 action.)

Plaintiff argues that the elements for issue preclusion are not met in the present case. However, an examination of defendants' exhibits referenced above and a comparison of the claims in the state court proceeding to plaintiff's Amended Complaint in this case controverts plaintiff's argument in this regard. I find that plaintiff's claims one through six and the eye-wear issue alleged in plaintiff's claim 8 are barred by the state habeas proceeding and should be dismissed.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing any action challenging prison conditions, including actions under 42 U.S.C. § 1983. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); Porter v. Nussle, 534 U.S. 516, 531-32 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); and McKinney v. Carely, 311 F.3d 1198 (9th Cir. 2002).

A prison's grievance requirements define the boundaries of proper exhaustion. Jones v. Bock, 127 S.Ct. 910, 923 (2007). The Oregon Department of Corrections' grievance system to address inmate complaints is prescribed in the Oregon Administrative Rules (OAR) Chapter 291, Division 109. Declaration of Parklyn Maine (#81) ¶ 4-5; Att. 2, p 1-7.

The OAR describes a three-step grievance process that must be properly and timely in order for an inmate's grievance to be exhausted. First, inmates are encouraged to communicate with line

6 - REPORT AND RECOMMENDATION

staff verbally or in writing as their primary means of resolving disputes. Declaration of Parklyn Maine (#81) ¶ 5. If this step does not bring resolution, the inmate may file a grievance by using a form CD 117. Id. An inmate may appeal the grievance response to the functional unit manager. Id., ¶ 8. To do this, the inmate must complete a Grievance Appeal form CD-117c and file it with the grievance coordinator within 14 calendar days of transmission of the contested response. Id. Following this first appeal, an inmate may then appeal the decision made by the functional unit manager to the Assistant Director (or his designee). Id. ¶ 9. The Assistant Director's or designee's decision on an inmate's grievance appeal is final and not subject to further review. Id.

Plaintiff's claim eight alleges that he has severe headaches resulting from improper eye-wear that "defendants refuse to remedy via surgery." Amended Complaint (#69), ¶ 209.

On October 29, 2009, plaintiff filed a grievance alleging that defendants were denying him transitional lenses for his eye glasses. Declaration of Parklyn Maine ((#81) ¶ 11; Att. 3, p. 1-11. After receiving a response plaintiff appealed arguing that he needed either transitional lenses or "cataract surgery." Id. ¶ 13; Att. 3 at p. 14. The response related to plaintiff's request for transitional lenses and did not address the plaintiff's reference to surgery.

The grievance procedure provides that an inmate grievance may request review of just one matter, action or incident per inmate

7 - REPORT AND RECOMMENDATION

grievance form. Id., ¶ 5.  In this case, plaintiff's grievance related to his request for particular lenses.  The appeal reference to "cataract surgery" did not properly raise or exhaust administrative remedies as to that claim.

Plaintiff filed a grievance concerning eye surgery on December 8, 2009.  Declaration of Parklyn Maine (#81) ¶ 18; Att 3, p. 18. The grievance was denied and On January 12, 2010, plaintiff filed his first grievance appeal. Id. ¶20; Att. 3, p 24-25.  Plaintiff initiated litigation by filing a tort claim notice on March 1, 2010. Exhibits to Motion for Summary Judgment (#106) Exhibit 5. Plaintiff filed his second appeal on March 22, 2010.  Plaintiff filed another grievance relating to eye surgery on March 1, 2010, but it was denied because of plaintiff's tort claim notice. Declaration of Parklyn Maine (#81) ¶ 27; Att. 3, p. 66-82. Therefore, plaintiff did not complete the appeal process and exhaust his administrative remedies concerning his claim for eye surgery prior to initiating litigation.

Plaintiff filed a grievance alleging retaliation by staff (Claim 7) on March 1, 2010. Id. § 25, Att. 3, pp. 48-65.  The grievance was denied due to his tort claim notice, Id., which as noted above was also filed on March 1, 2011.  Accordingly, plaintiff did not exhaust administrative remedies concerning his complaint about staff retaliation prior to initiating litigation.

Plaintiff's ninth claim alleges violations of the ADA and

8 - REPORT AND RECOMMENDATION

Rehabilitation Act.   The Ninth Circuit has held that "the PLRA requires administrative exhaustion of ADA and Rehabilitation Act claims."   O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007).   Administrative remedies are available for discrimination complaints under OAR 291-006-005 - 291-006-0025. Declaration of Parklyn Maine ¶ 33-37; Att. 4 p. 1-3.   Plaintiff has not filed any grievances or pursued any administrative remedies with regard to his ninth claim alleging discrimination in violation of the ADA and Rehabilitation Act.   Id. ¶ 38.

Based on the foregoing, I find that plaintiff failed to exhaust administrative remedies as to his seventh and ninth claims and as to the eye surgery issue in his eighth claim.   His failure to do so is fatal to these claims and they should be denied.[2]

Defendants' Motion for Summary Judgment (#78) should be allowed.   Plaintiff's claims one through six and the eye-wear claim aspect of plaintiff's claim eight are preluded by plaintiff's previous state court habeas proceeding; plaintiff has failed to exhaust administrative remedies with respect to his other claims.

---

[2]Defendants also argue that plaintiff's claim nine fails to state a claim because it does not allege the nature of plaintiff's alleged disability with sufficient specificity.   Defendants' argument in this regard is well taken in view of the court's opinion in Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).   However, this pleading defect could *arguably* be cured by amendment.   Because defendants' issue preclusion and failure to exhaust remedies defenses are dispositive of plaintiff's claims, it is not necessary to address the pleading deficiency argument.

There are no material issues of fact remaining in this case and defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#78) should be allowed. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __7__ day of July, 2011.

Mark D. Clarke
United States Magistrate Judge

10 - REPORT AND RECOMMENDATION