IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM J. ZIELINSKI,

      Plaintiff,

   v.

DR. DIEHL, et al.,

      Defendants.

No. 1:10-cv-0449-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, the district court makes a de novo determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). Here, plaintiff has filed objections, so I review this matter de novo.

1 - ORDER

## DISCUSSION

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, brings this action pro se, claiming defendants were deliberately indifferent to his serious medical needs. Plaintiff also brings claims for retaliation and violations of the Americans with Disabilities Act. Magistrate Judge Clarke recommends granting defendants' motion for summary judgment based on issue preclusion and failure to exhaust administrative remedies.

### I. Issue Preclusion

I agree with the Report and Recommendation that issue preclusion bars six of plaintiff's claims and a portion of a seventh claim. Plaintiff previously litigated the same medical treatment claims in a state habeas proceeding, where plaintiff was represented by counsel. I agree with the Report and Recommendation that the state court rulings have a preclusive effect here. See Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981).

Plaintiff argues that he "sufficiently federalized his claim," so the United States Constitution "trumps state law" here. I disagree. "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990).

### II. Failure to Exhaust State Administrative Remedies

I agree with Magistrate Judge Clarke that plaintiff failed to

2 - ORDER

exhaust the Department of Correction's administrative remedies as to his seventh and ninth claims, as well as the eye surgery portion of his eighth claim.

### III. Plaintiff's Objections to Magistrate Judge Clarke

Plaintiff contends that this Report and Recommendation and Reports and Recommendations from other cases show that Magistrate Judge Clarke is biased against claims brought by pro se prisoners. Only in a very exceptional case will judicial rulings establish bias. See Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff has not shown bias here.

### CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#113) is adopted. Defendants' motion for summary judgment (#78) is granted. Plaintiff's unexhausted claims are dismissed without prejudice.

IT IS SO ORDERED.

DATED this **24** day of February, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE